UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GOSSAMER WING, LLC, AS TRUSTEE,

    Plaintiff,

v.

THE BANK OF NEW YORK MELLON fka THE BANK OF NEW YORK, as Trustee for the Certificateholders of CWABS, Inc., Asset-Backed Certificates, Series 2007-2,

    Defendant.
_____/

CASE NO. 8:21-CV-00624-WFJ-AEP

(formerly Palm Beach County Case No. 2020-CA-011308)

**DEFENDANT'S REQUEST FOR JUDICIAL NOTICE**

Defendant, The Bank of New York Mellon as Trustee for CWABS, Inc., Asset-Backed Certificates, Series 2007-2 ("**Defendant**"), pursuant to Fed. R. Evid. 201 and other applicable law, requests that the Court take judicial notice of **Exhibits 1-3**, contained herein, and states:

1. "The court may judicially notice a fact that is not subject to reasonable dispute because it … (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "The court: (1) may take judicial notice on its own; or (2) must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c). In particular, "the district court [is] permitted to take judicial notice of documents filed in other court cases." *Hayden v. Vance*, 708 Fed. Appx. 976, 979 (11th Cir. 2017).

2. Defendant has already requested that this Court take judicial notice of the public filings and information attached hereto and referenced herein. *See* Doc. 58. But for the Court's convenience, and to highlight a particular aspect of those court filings, Defendant files this separate request and attaches Exhibits 1-3.

3. Plaintiff's counsel, Lee Segal a/k/a Lior Segal ("**Segal**"), has filed approximately thirty affidavits in these cases attesting that he personally mailed a response to the rejection letters that he received in these cases from CT Corporation System ("**CT Corp**"). The content of at least one such affidavit calls into question the veracity of such affidavits and whether they were created after the fact to document an event that did not occur.

4. On April 28, 2020, Segal filed a lawsuit on behalf of plaintiffs Kenneth B. Kaye, Jr. and Kristine M. Kaye (the "**Kayes**"), against The Bank of New York Mellon, as trustee ("**BNYM**"), in Pinellas County, **Case No. 20-2097-CI** (the "**20-2097-CI Pinellas County Case**"). Attached hereto as **Exhibit 1** is a copy of the docket for the 20-2097-CI Pinellas County Case.

5. On **August 24, 2020** (while the Pinellas County case was still being litigated), Segal filed a second lawsuit on behalf of the Kayes against BNYM, based on the same allegations, in Okeechobee County, **Case No. 20-CA-148** (the "**20-CA-148 Okeechobee County Case**"). Attached hereto as **Exhibit 2** is a copy of the docket for the 20-CA-148 Okeechobee County Case.

6. On March 22, 2021, Segal filed an Affidavit in the 20-2097-CI Pinellas County Case, which is now Middle District of Florida Case No. 8:21-cv-00469 (the "**Segal Affidavit**"). The Segal Affidavit is attached hereto as **Exhibit 3**. The Segal Affidavit attests, under penalty of perjury, that the following facts are true and correct:

> 3. On or about May 7, 2020, I received a letter from CT Corporation ("CT"), dated April 30, 2020, a copy of which is attached to the Motion to Vacate filed by Defendant in this case.
>
> 4. On or about May 7, 2020, I prepared a responsive letter, a copy of which is attached hereto, and addressed it to CT with a copy to BONYM. My purpose in doing so was to ensure that CT and BONYM were aware of my clients' position, *i.e.* that service of process was properly obtained.
>
> 5. On or about May 7, 2020, I left this letter in the work room at my office, located at 18167 U.S. Highway 19 North, Suite 100, in Clearwater, Florida. This is the type of thing that I do frequently. In fact, my firm's routine business practice, whenever an attorney leaves a letter such as this in the work room, is for staff to mail that letter with the outgoing mail that same day.

Ex. 3.

7. Copied below is the heading and first paragraph of the letter attached to the Segal Affidavit:

> May 7, 2020
>
> CT Corporation System
> 1200 S. Pine Island Road
> Plantation, FL 33324
>
> Re: Kenneth Kaye v. Bank of New York, as Trustee
>     Pinellas County Case No. 2020-CA-148
>
> Sir or Madam:
>
> I am in receipt of your letter dated April 30, 2020 in the above-captioned matter, wherein you indicate that CT Corporation System "is not the registered agent for an entity by the name of The Bank of New York Mellon."

Ex. 3.

8. As Exhibit 3 makes clear, Segal's letter to CT Corp is dated **May 7, 2020**, and purportedly sent in response to a rejection letter dated April 30, 2020, which is consistent with Mr. Segal's affidavit. However, Segal's letter also states that the letter is in regards to "Pinellas County Case No. **2020-CA-148**," which would be impossible because the 20-CA-148 Okeechobee County Case was not even filed until three and a half months after Segal's letter was purportedly sent.

WHEREFORE, Defendant respectfully requests that the Court take judicial notice of Exhibits 1-3, and for all such other and further relief as this Honorable Court deems just and proper.

4

QB\68349993.1

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to L.R. 3.01(g), undersigned counsel certifies that Defendant has conferred with Plaintiffs' counsel, Lee Segal, by email and telephone, including by telephone on March 3, 2021 and March 8, 2021, and the parties have agreed that this Court should take judicial notice of all court filings and public records.

                QUARLES & BRADY LLP

By: /s/ *Joseph T. Kohn*
     Joseph T. Kohn
     Florida Bar No. 113869
     Benjamin B. Brown
     Florida Bar No. 13290
     1395 Panther Lane, Suite 300
     Naples, FL  34109
     239/659-5026 Telephone
     239/213-5426 Facsimile
     joseph.kohn@quarles.com
     benjamin.brown@quarles.com
     debra.topping@quarles.com
     kerlyne.luc@quarles.com
     DocketFL@quarles.com
     *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was filed on May 13, 2021, using the Court's Florida E-filing Portal system and that a true and correct copy of the foregoing was served on the following parties:

Lee Segal, Esq.
Segal & Schuh Law Group, P.L.
18167 U.S. Hwy 19 N. Suite 100
Clearwater, FL 33764
lee@segalschuh.com

marie@segalschuh.com
*Counsel for Plaintiff*

                                                    */s/ Joseph T. Kohn*
                                                    Joseph T. Kohn

QB\68349993.1